UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| JONATHON E. WANISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-CV-210 JD |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff Jonathon Wanish filed a complaint seeking review of the final decision of the Defendant Commissioner of Social Security. On March 18, 2014, the Court reversed the decision of the Commissioner and remanded the case for further proceedings. [DE 21.] The plaintiff filed an application for attorneys' fees, pursuant to the Equal Access to Justice Act ("EAJA"). [DE 21.] The parties later stipulated to an award of $7,400.00 in attorney's fees. [DE 24.]

The EAJA provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). A party seeking an award of fees for a successful action against the government is entitled to recover his attorneys' fees if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court (that is, within thirty days after the judgment is final and not appealable). 28 U.S.C. §§ 2412(d)(1)(A), (B) & (d)(2)(G); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004). Attorneys' fees may be

awarded if either the Commissioner's pre-litigation conduct, which includes the Administrative Law Judge's decision, or the Commissioner's litigation position lacked substantial justification. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact, and there must be a reasonable connection between the two. *Id.* The Commissioner has the burden of establishing that its position was substantially justified. *Id.*

Noting the parties' agreement that a fee award is justified in this case, the Court construes the parties' stipulation as a motion and **GRANTS** the motion. [DE 24]. Accordingly, Mr. Wanish is awarded an EAJA fee award in the amount of $7,400.00, paid directly to Mr. Wanish's attorney, Frederick J. Daley, Jr., in accordance with the assignment entered between Mr. Wanish and his attorney, provided the Commissioner determines that Mr. Wanish does not have a pre-existing debt to the federal government subject to offset. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 566 (7th Cir. 2011) ("if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer") (citing *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) (The EAJA prohibits payment of an award directly to a petitioner's attorney absent contractual and other assignment-based rights)). After entry of this award, if counsel for the Commissioner can verify that Mr. Wanish owes no pre-exiting debt subject to offset, the Commissioner will direct the award be made payable to Mr. Wanish's attorney, Frederick J. Daley, Jr., pursuant to the assignment. This award will satisfy all of Mr. Wanish's claims under the EAJA.

SO ORDERED.

ENTERED:  October 15, 2014

                                               /s/ JON E. DEGUILIO
Judge
United States District Court